UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEBORAH HOFFMAN,

        Plaintiff,

v.

                                        Case No. 09-10682

CITY OF ECORSE,                        Honorable Julian Abele Cook, Jr.

        Defendant.


<u>ORDER</u>

On January 29, 2009, the Plaintiff, Deborah Hoffman, filed a complaint in the Wayne County Circuit Court of Michigan, in which she accuses the Defendant, the City of Ecorse ("City"), of undertaking an unlawful employment action against her in violation of the United States Constitution and a variety of federal and state law tort based causes of action,[1] including Mich. Comp. Laws §691.1407 (more commonly known as the "Whistleblowers Act").[2]

Nearly three weeks later, on February 23rd, the City caused the state action to be removed to this federal district court which, in its opinion, has subject matter jurisdiction pursuant to 28

---

[1] Hoffman has also asserted claims of false imprisonment and false arrest, assault and battery, an intentional infliction of emotional distress, as well as violations of 42 U.S.C.§§1983, 1985, 1988.

[2] It is unclear in the complaint whether Hoffman is seeking a federal or state based "whistleblower" remedy. However, the Court notes that she pointed to a state statute (i.e., Mich. Comp. Laws §691.1407) in her response to the City's motion for a partial dismissal.

U.S.C § 1331.[3]  On April 14, 2009, the City filed a motion for partial summary judgment.  Two weeks later, on April 30th, Hoffman filed a motion to amend her complaint.  The City filed a response in opposition on May 12th.  Hoffman's motion is now before the Court for its resolution.

I.

This dispute between the parties arose while Hoffman was acting in her capacity as a grant manager for the City which, as a municipal corporation, is an integral part of the governmental structure of the State of Michigan.  In this lawsuit, she complains that the City ordered her to grant bids for a construction project which had been previously determined by her to have been disqualified from the bidding process.  However, Hoffman chose to inform Wayne County government officials that she could not comply with this directive because, in her opinion, it would require her to perform an illegal act.

Thereafter, Hoffman submits that the City's Mayor, Herbert Worthy, caused her to be wrongfully detained, searched, and arrested in retaliation for (1) reporting violations of the law by representatives of the City to the Wayne County authorities, and (2) cooperating with Federal Bureau of Investigation officials in connection with its  pending investigation of claimed criminal conduct by employees of the City.  Furthermore, Hoffman asserts that she received a variety of unwarranted physical and emotional injuries as the result of the unlawful acts of assault and batteries, all of which came about as a direct result of her cooperation with federal and local government officials.

---

[3]28 U.S.C  § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under this Constitution, laws, or treaties of the United States."

II.

Here, Hoffman seeks permission from the Court to file an amended complaint in order to clarify some of her currently existing claims and add Herbert Worthy as a defendant to this action. In support of this argument, she submits that (1) her proposed amendment will not require any time-consuming new discovery or expense and (2) the City will not be prejudiced if the requested amendment is granted. However, the City opposes this motion, contending that Hoffman's proposed amendment is futile in nature and, in all probability, could not survive a motion to dismiss.

Federal Rule of Civil Procedure 15(a)(2) provides, in relevant part, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although Rule 15(a) indicates that leave to amend shall be freely granted, a party "must act with due diligence if it intends to take advantage of the rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). In determining whether to grant a motion to amend, courts are urged to consider several factors, including (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). Courts are also encouraged to consider notice and substantial prejudice to the opposing party as "critical factors in determining whether an amendment should be granted." *Id.* at 458.

A proposed amendment is deemed to be futile if it "could not withstand a Rule 12(b)(6) motion to dismiss." *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d

3

376, 382-83 (6th Cir.1993).  The amendment, as proposed by Hoffman, would add the City's mayor as a defendant, and advance several tort claims, all of which are ostensibly based on federal and state statutes.  Utilizing the *Thiokol* standard as a guide, the Court must seek to determine if her proposed causes of actions are facially capable of withstanding a 12(b)(6) motion to dismiss. *See id.* at 382.

In asserting its opposition to the proposed addition of its mayor as a party to this lawsuit on futility grounds, the City points the Court to his governmental immunity protection.  Mich. Comp. Laws. § 691.1407(5) states that "[a] judge, legislator, and the elective or highest appointive executive officials of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative or executive authority."

As the mayor of Ecorse, Worthy was the highest appointed executive official within the City's governmental structure at the time of his claimed act of misconduct.  However, it is not obvious - as the City may want the Court to believe - that Worthy was acting within his executive authority when he allegedly ordered the municipal law enforcement officers to search Hoffman because of his claimed suspicion that she had unlawfully recorded official city business.  Such a determination is dependent upon a number of factors which include (1) "the nature of the specific acts alleged, (2) the position held by the official alleged to have performed the acts, (3) the charter, ordinances, or other local law defining the official's authority, and (4) the structure and allocation of powers in the particular level of government." *Marrocco v. Randlett,* 433 N.W.2d 68, 73 (Mich. 1988).

It is the City's belief that all of these factors can be conclusively resolved in its favor solely

4

on the basis of the pleadings before the Court.  In order to declare Hoffman's tort claims to be futile, the Court must find that they would be unable to survive a 12(b)(6) motion to dismiss.  In deciding such a motion, a district court must "(1) view the complaint in the light most favorable to [Hoffman] and (2) take all well-pleaded factual allegations as true." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Operating under this standard of review, the Court does not believe the City has met its burden.  Assuming that Herbert Worthy was the highest ranking executive of the City during all of the times that are pertinent to this inquiry, this factor - without more - does not address the scope of his authority to command the search of a municipal employee on the mere suspicion of wrongdoing.  Furthermore, and even assuming that he had the authority to search Hoffman, this does not allow him to exercise an unrestricted use of this power.  In 1988, the *Marrocco* court stated that  the "intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law is not the exercise of a governmental function."  433 N.W.2d 68 at 72 (citing *Smith v. Dep't of Public Health*, 410 N.W.2d 749 (1987)).  Inasmuch as genuine questions of a material fact exist regarding the application of governmental authority to initiate the search of a municipal employee, the Court cannot conclude with any reasonably degree of certainty that Hoffman has failed to state a claim due to the mayor's claim of governmental immunity.  Hence, the Court cannot, and will not, dispose of Hoffman's proposed amendment under the theory of futility.

Finally, the Court notes that Hoffman has also raised several  federal causes of action against the City's mayor. However, it should be noted that the City has only cited state law authority in support of its proposition that the addition of its mayor would be futile under federal

5

law.  Thus and under these circumstances, the Court declines to rely upon any cited state law authority which may or may not support the City's futility argument as it relates to Hoffman's federal claims.

III.

Accordingly, for the reasons stated above, the Court must, and does, grant Hoffman's motion to amend her complaint.

IT IS SO ORDERED.

Dated: <u>July 1, 2009</u>            <u>S/Julian Abele Cook, Jr.</u>
       Detroit, Michigan          JULIAN ABELE COOK, JR.
                                       United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 1, 2009.

<u>s/ Kay Doaks</u>
Case Manager

6